1   Adrienne L. Conrad (SBN 318776)
2   Daniel S. Smith (SBN 312330)
    William A. Llamas (SBN 341087)
3   Talley R. Parker (TX SBN 24065872 - *Pro Hac Vice*)
    JACKSON LEWIS P.C.
4   225 Broadway, Suite 1800
5   San Diego, California 92101
    Telephone:   (619) 573-4900
6   Facsimile:    (619) 573-4901
7   Adrienne.conrad@jacksonlewis.com
    Daniel.smith@jacksonlewis.com
8   William.llamas@jacksonlewis.com
    Talley.parker@jacksonlewis.com
9
10  Attorneys for Defendants
    PETRO-CANADA AMERICA LUBRICANTS, LLC
11  and HOLLYFRONTIER CORPORATION

# JS-6

12                UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14

15  CAMERON R. THOMAS,                    | Case No.:   5:21-cv-1106-JGB-SP

16            Plaintiff,

17       v.                               | **JUDGMENT AFTER TRIAL BY JURY**

18  PETRO-CANADA AMERICA
19  LUBRICANTS, LLC a Delaware Limited    | **Trial Date:   February 6, 2024**
    Liability Company; HOLLYFRONTIER
20  CORPORATION, a Delaware               | Judge:              Jesus G. Bernal
    Corporation; and/or DOES 1 through 25,| Magistrate Judge:  Sheri Pym
21                                         | Courtroom:         1
            Defendants.
22
23                                         | Complaint filed:   May 25, 2021
                                          | Removed:           July 2, 2021
24

25

26

27

28

                                1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On May 25, 2021, Plaintiff Cameron R. Thomas ("Plaintiff") filed his Complaint against Defendants Petro-Canada America Lubricants, LLC and HollyFrontier Corporation (collectively, "Defendants") in the Superior Court of California for the County of Riverside alleging the following causes of action:

1. Race Discrimination – Failure to Promote in Violation of the California Fair Employment and Housing Act ("FEHA");

2. Race Discrimination – Conduct Culminating in Wrongful Termination in Violation of FEHA;

3. Race Discrimination – Disparate Impact in Violation of FEHA;

4. Impermissible Inquiries in Violation of FEHA;

5. Harassment Based on Race in Violation of FEHA;

6. Retaliation in Violation of FEHA;

7. Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA;

8. Wrongful Discharge in Violation of Public Policy [Common Law];

9. Intentional Infliction of Emotional Distress; and

10. Negligent Infliction of Emotional Distress.

On July 1, 2021, Defendants filed a notice of removal of civil action to federal court on the basis of diversity jurisdiction.  On July 2, 2021, the action was assigned to Magistrate Judge Shashi H. Kewalramani.  On July 16, 2021, the action was reassigned to the Honorable Jesus G. Bernal as the District Judge and Sheri Pym as the Magistrate Judge.

On February 25, 2022, Plaintiff filed his First Amended Complaint, alleging the following causes of action:

1. Race Discrimination in Violation of FEHA;

2. Race Discrimination – Disparate Impact in Violation of FEHA;

3. Impermissible Inquiries in Violation of FEHA;

4. Harassment Based on Race in Violation of FEHA;

2

5.     Retaliation in Violation of FEHA;

6.     Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA;

7.     Wrongful Discharge in Violation of Public Policy [Common Law]; and

8.     Intentional Infliction of Emotional Distress.

On August 17, 2023, this Court denied Plaintiff's motion for summary judgment and granted-in-part and denied-in-part Defendants' motion for summary judgment. This Court granted summary judgment in favor of Defendants on the following causes of action: Disparate Impact in Violation of FEHA; and Impermissible Inquiries in Violation of FEHA. This Court also granted summary judgment in favor of Defendants on Plaintiff's request for punitive damages.

Accordingly, the remaining causes of action were: Race Discrimination in Violation of FEHA; Harassment Based on Race in Violation of FEHA; Retaliation in Violation of FEHA; Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA; Wrongful Discharge in Violation of Public Policy [Common Law]; and Intentional Infliction of Emotional Distress.

On December 4, 2023, this Court granted Plaintiff's motion for reconsideration and denied Defendants' motion for summary judgment as to punitive damages.

On February 6, 2024, in Courtroom One of the United States District Court, Central District of California, Eastern Division, located at 3470 Twelfth Street, Riverside, California 92501, a jury trial commenced, the Honorable Jesus G. Bernal presiding. Plaintiff was represented by Gail M. Ragen of Ragen & Ragen. Defendants were represented by Adrienne L. Conrad and Talley R. Parker of Jackson Lewis P.C.

A jury of eight persons was properly impaneled and sworn on February 6, 2024. After hearing all the evidence, this Court duly instructed the jury, and the case was submitted to the jury. On February 15, 2024, the jury returned to this Court with a unanimous verdict in favor of Defendants on all of Plaintiff's causes of action. The verdict, in relevant part, stated as follows:

**JURY VERDICT**

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our Verdict in this case:

**VERDICT FORM A**

**DISPARATE TREATMENT (CACI VF-2500)**

**(PLAINTIFF'S BURDEN OF PROOF / PREPONDERANCE OF THE EVIDENCE)**

1.      Was Plaintiff's race (African American) a substantial motivating reason for Defendants' discharge of Plaintiff?

Answer:      _____          ____X____

                 Yes              No

If your answer to question 1 is yes, then answer question 2. If you answered no to question 1, proceed directly to Verdict Form B.

2.      Was Defendants' discharge of Plaintiff a substantial factor in causing harm to Plaintiff?

Answer:      _____          _____

                 Yes              No

If you answered "Yes" to questions 1 <u>and</u> 2, you have found for Plaintiff on the Disparate Treatment claim. If you answered "No" to question 1 <u>or</u> 2, you have found for Defendants on the Disparate Treatment claim.

**Go to Verdict Form B.**

///

///

///

///

///

///

///

4

# VERDICT FORM B

## WORK ENVIRONMENT HARASSMENT—CONDUCT DIRECTED AT PLAINTIFF—EMPLOYER OR ENTITY DEFENDANT (PLAINTIFF'S BURDEN OF PROOF / PREPONDERANCE OF THE EVIDENCE)

1. Was Plaintiff subjected to harassing conduct substantially motivated by his race?

Answer:    _____    ___X___

            Yes         No

If your answer to question 1 is yes, then answer question 2.  If you answered no to question 1, proceed directly to Verdict Form C.

2. Was the harassment severe or pervasive?

Answer:    _____    _____

            Yes         No

If your answer to question 2 is yes, then answer question 3.  If you answered no to question 2, proceed directly to Verdict Form C.

3. Would a reasonable person in Plaintiff's circumstances have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

Answer:    _____    _____

            Yes         No

If your answer to question 3 is yes, then answer question 4.  If you answered no to question 3, proceed directly to Verdict Form C.

4. Did Plaintiff consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

Answer:    _____    _____

            Yes         No

If your answer to question 4 is yes, then answer question 5.  If you answered no to question 4, proceed directly to Verdict Form C.

5.      Did Plaintiff's supervisor, Asif Aleem, engage in the harassing conduct?

Answer:   _____     _____

                    Yes                 No

If your answer to question 5 is yes, then answer question 6.  If you answered no to question 5, proceed directly to Verdict Form C.

6.      Was the harassing conduct a substantial factor in causing harm to Plaintiff?

Answer:   _____     _____

                    Yes                 No

If you answered "Yes" to questions 1 through 6, you have found for Plaintiff on the Harassment claim. If you answered "No" to any of questions 1 through 6, you have found for Defendants on the Harassment claim.

**Proceed to Verdict Form C.**

## **VERDICT FORM C**

## **RETALIATION**

## **(PLAINTIFF'S BURDEN OF PROOF / PREPONDERANCE OF THE EVIDENCE)**

1.      Did Plaintiff oppose Asif Aleem's conduct directly, or complain to his superiors and/or Human Resources, about conduct that Plaintiff reasonably believed was racially discriminatory or harassing?

Answer:   _____     ___X___

                    Yes                 No

If your answer to question 1 is yes, then answer question 2.  If you answered no to question 1, proceed directly to Verdict Form D.

2.      Was Plaintiff's opposition to or complaint(s) about Aleem's conduct a substantial motivating reason for Defendants' decision to discharge Plaintiff?

Answer:   _____     _____

                    Yes                 No

///

If your answer to question 2 is yes, then answer question 3.  If you answered no to question 2, proceed directly to Verdict Form D.

3.      Was Defendants' conduct a substantial factor in causing harm to Plaintiff?

Answer:      _____      _____

            Yes            No

If you answered "Yes" to questions 1 through 3, you have found for Plaintiff on the Retaliation claim. If you answered "No" to any of questions 1 through 3, you have found for Defendants on the Retaliation claim.

**Proceed to Verdict Form D.**

<u>**VERDICT FORM D**</u>

<u>**FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION**</u>

<u>**(PLAINTIFF'S BURDEN OF PROOF / PREPONDERANCE OF THE EVIDENCE)**</u>

1.      Did you answer yes to any of the following questions: question 2 on Verdict Form A, question 6 on Verdict Form B, or question 3 on Verdict Form C?

Answer:      _____      __X____

            Yes            No

If your answer to question 1 is yes, then answer question 2.  If you answered no to question 1, proceed directly to Verdict Form E.

2.      Did Defendants fail to take all reasonable steps to prevent the harassment, discrimination, or retaliation?

Answer:      _____      _____

            Yes            No

If your answer to question 2 is yes, then answer question 3.  If you answered no to question 2, proceed directly to Verdict Form E.

///

///

7

3.      Was Defendants' failure to prevent the harassment, discrimination, or retaliation a substantial factor in causing harm to Plaintiff?

Answer: _____        _____

        Yes                    No

If you answered "Yes" to questions 1 through 3, you have found for Plaintiff on the claim for Failure to Prevent Harassment, Discrimination, or Retaliation. If you answered "No" to any of questions 1 through 3, you have found for Defendants on the claim for Failure to Prevent Harassment, Discrimination, or Retaliation.

**Proceed to Verdict Form E.**

<u>**VERDICT FORM E**</u>

<u>**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**</u>

<u>**(PLAINTIFF'S BURDEN OF PROOF / PREPONDERANCE OF THE**</u>

<u>**EVIDENCE)**</u>

1.      Was Plaintiff's race (African American) or his alleged complaints to his superiors and/or human resources about Asif Aleem allegedly discriminating against and/or harassing him a substantial motivating reason for Defendants' decision to discharge Plaintiff?

Answer: _____        ___X_____

        Yes                    No

If your answer to question 1 is yes, then answer question 2.  If you answered no to question 1, proceed directly to Verdict Form F.

2.      Did the discharge cause Plaintiff harm?

Answer: _____        _____

        Yes                    No

If you answered "Yes" to questions 1 and 2, you have found for Plaintiff on the claim for Wrongful Discharge in Violation of Public Policy.  If you answered "No" to question 1 or 2, you have found for Defendants on the claim for Wrongful Discharge in Violation of Public Policy.

8

**Proceed to Verdict Form F.**

**<u>VERDICT FORM F</u>**

**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

**<u>(PLAINTIFF'S BURDEN OF PROOF/PREPONDERANCE OF THE EVIDENCE)</u>**

1.      Was Defendants' conduct outrageous?

Answer:      _____      ___X___

                Yes            No

If your answer to question 1 is yes, then answer question 2.  If you answered no to question 1, proceed directly to Verdict Form G.

2.      Did Defendants intend to cause Plaintiff emotional distress?

Answer:      _____      _____

                Yes            No

If your answer to question 2 is yes, then answer question 3.  If you answered no to question 2, proceed directly to Verdict Form G.

3.      Did Plaintiff suffer severe emotional distress?

Answer:      _____      _____

                Yes            No

If your answer to question 3 is yes, then answer question 4.  If you answered no to question 3, proceed directly to Verdict Form G.

4.      Was Defendants' conduct a substantial factor in causing Plaintiff's severe emotional distress?

Answer:      _____      _____

                Yes            No

If you answered "Yes" to questions 1 through 4, you have found for Plaintiff on the claim for Intentional Infliction of Emotional Distress. If you answered "No" to any of questions 1 through 4, you have found for Defendants on the claim for Intentional Infliction of Emotional Distress.

**Proceed to Verdict Form G.**

CASE NO. 5:21-cv-1106
JUDGMENT AFTER TRIAL BY JURY

# VERDICT FORM G

## DAMAGES

## COMPENSATORY DAMAGES

### (PLAINTIFF'S BURDEN OF PROOF / PREPONDERANCE OF EVIDENCE)

1.      If you answered yes to any of the following questions: question 2 of Verdict Form A, question 6 of Verdict Form B, question 3 of Verdict Form C, question 3 of Verdict Form D, question 2 of Verdict Form E, question 4 of Verdict Form F, what are Plaintiff's compensatory damages? If you did not answer yes to any of the following questions: question 2 of Verdict Form A, question 6 of Verdict Form B, question 3 of Verdict Form C, question 3 of Verdict Form D, question 2 of Verdict Form E, question 4 of Verdict Form F, proceed to the end of this document and sign and date it.

The Verdict Forms are now complete.

2-15-2024  11:57 A.M.                      /s/ Juror No. 5
Date/Time                                    Presiding Juror

After this verdict form has been signed, notify the clerk or bailiff that you are ready to present your verdict in the courtroom.

Therefore, it is ordered, adjudged, and decreed that judgment be, and hereby is, entered in favor of Defendants and against Plaintiff.  Defendants are not liable for any causes of action in Plaintiff's operative First Amended Complaint.  Plaintiff shall take nothing from his prayers for relief for general and special damages, exemplary damages, pre-judgment and post-judgment interest on all damages awarded, reasonable attorneys' fees and expenses (including expert fees), and costs of suit.

///
///
///
///
///
///

CASE NO. 5:21-cv-1106
JUDGMENT AFTER TRIAL BY JURY

1    Defendants, as the prevailing parties, shall recover reasonable costs in accordance

2  with Rule 54 of the Federal Rules of Civil Procedure and Civil Local Rule 54 of the United

3  States District Court, Central District of California, with interest calculated from the date

4  of entry of judgment at the rate specified by 28 U.S.C. section 1961, and to the extent that

5  entitlement to said costs is proven to this Court.  This is a final judgment.

6

7  DATED:  March 6, 2024

8

9                                                       Hon. Jesus G. Bernal
                                                        United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 5:21-cv-1106
JUDGMENT AFTER TRIAL BY JURY